VILLARREAL HUTNER PC
TRACY S. TODD, ESQ., Cal. Bar No. 172884
E-Mail: ttodd@vhattorneys.com
575 Market Street, Suite 300
San Francisco, California 94105
Telephone: 415.543.4200
Facsimile: 415.512.7674

Attorney for Defendant
FRITO-LAY, INC. (erroneously sued as
"FRITO LAY")

McCLELLAND LAW OFFICES, APC
W. ROD McCLELLAND, JR., Cal. Bar No. 179771
2273 E. Beechwood Avenue, Suite 103
Telephone: 559.322.2224
Facsimile: 559.322.2227

Attorney for Plaintiff
DANNY RODRIGUEZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| DANNY RODRIGUEZ,<br><br>             Plaintiff,<br><br>      v.<br><br>FRITO LAY and DOES 1 TO 25, inclusive,<br><br>             Defendants. | CASE NO. 1:09-CV-01380-AWI-GSA<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>Trial Date:            October 19, 2010 |

The Defendant Frito-Lay, Inc. and Plaintiff Danny Rodriguez, through their undersigned attorneys of record, enter into this stipulation and protective order to facilitate open exchange of information relating to this litigation. The parties assert that the exchange of certain records and information in this litigation may require the parties to disclose records and information that they consider confidential and/or proprietary, the disclosure of which is protected by the laws governing trademarks or confidential business information and/or the privacy rights of the parties

-1-

and/or third parties (hereafter referred to as "Confidential Information"). To protect the privacy and confidentiality of these records and the information contained therein, the parties stipulate as follows:

1. Any party who conveys or receives, and any non-party who conveys, information in connection with this action may designate any record, which the party reasonably and in good faith within the meaning of Federal Rule of Civil Procedure 26(g) believes to be confidential, as Confidential Information by marking any such documents with the words, "Confidential." Confidential Information includes responses to discovery requests, documents produced in response to a request for production, deposition testimony (subject to Paragraph 2), or any other information a party or non-party exchanges in discovery in connection with this action that the party or non-party claims in good faith to constitute Confidential Information. Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purposes.

2. In order to designate deposition testimony as confidential, counsel, the witness, or the party whose Confidential Information is to be, or was, disclosed, must state on the record at the deposition what testimony is to be treated as Confidential Information. Any document that was previously marked as Confidential that is introduced as an exhibit at a deposition shall be treated as Confidential Information. In addition, a party or non-party deponent, may designate testimony as Confidential information in writing within 30 days from the date the court reporter transmits the deposition transcript for review and for certification. After any such written designation, counsel for all the parties shall be responsible for marking the designated material in all previously unmarked copies of transcripts. Prior to the expiration of the 30-day period, all information disclosed during a deposition shall constitute Confidential Information, unless otherwise agreed by the parties and the witness, or ordered by the Court. Upon expiration of the

30-day period, only that information that has been designated as Confidential will constitute Confidential Information.

3. Prior to receiving any Confidential Material, each person shall be shown a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties, prior to receiving the confidential information. Each person receiving such disclosure shall be bound by this Order. Counsel making such disclosure shall be responsible for maintaining a log of the originals of such statements. This Order is enforceable in contempt proceedings.

4. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL –ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 1 and 2 above. Attorney's Eyes Only Material, and the information contained therein shall be disclosed only to the Court, to counsel for the parties (including necessary legal office staff employed by such counsel and shall *not* be disclosed to a party, or to an officer, director or employee of a party, unless available to the party, officer, director, or employee by other means or otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this Order with respect to confidentiality shall also apply.

5. The parties and their counsel shall preserve the confidentiality and privacy of all Confidential Information.

6. Confidential Information and Attorney's Eyes Only Material shall be made available only to those individuals permitted by this Order and only once the person to whom the information will be disclosed has signed the nondisclosure agreement, Attachment A. This Order binds any person who receives or reviews Confidential Information.

7. Persons receiving Confidential Information shall use it solely for the purpose of this litigation. Confidential Information may be disclosed to persons only to the extent necessary for the preparation or trial of this case. Confidential Information shall not be disclosed directly or indirectly to any other person other than as provided in this Order, except by written agreement of the party or non-party designating the information Confidential Information. Unauthorized

disclosure of the substance, a summary, or any portion of a confidential document constitutes a violation of this Order.

8. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modifications of this Order. Prior to bringing a motion under (i) above, a party must first object to the Confidential Information designation by notifying all parties in writing of that objection and specifying the designated material to which the objection is made. Within fifteen (15) days of the date of the written objection, the parties shall meet and confer verbally or in writing, or both, regarding the objection. If the objection is not resolved, the party contesting the Confidential Information designation shall either file and serve a motion challenging the designation of the records as Confidential Information pursuant to this order, or otherwise request judicial intervention to resolve the parties' dispute. The party contesting the designation of the information or record as Confidential Information shall bear the burden of proof on whether good cause exists for the information to be un-designated as confidential. If no such motion is filed or request for judicial intervention is not made, the material will be considered Confidential Information until further order of the Court or written agreement of the parties.

9. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

/ / /

/ / /

10. If there is any unauthorized disclosure of any documents or records subject to this Order by any person, said person shall be subject to sanctions and contempt for violation of this Order. Counsel for the parties agree to forward a copy of this protective order to their clients prior to, or concurrently with, providing Confidential Information to them. The parties are bound by this protective order.

11. Inadvertent failure to designate documents as Confidential Information shall not constitute of waiver of an otherwise valid claim for protection so long as such claim is asserted within 14 calendar days of the discovery of the inadvertent failure.

12. If a party to this action receives a court order or subpoena for documents that have been designated Confidential Information, that party shall (a) promptly notify counsel of record for the party or non-party claiming the confidential treatment of the documents, and (b) furnish that counsel with a copy of the subpoena or other process or order.

13. All documents marked as Confidential or Attorneys' Eyes Only Material for which the time has passed under Paragraph 8 to object to such designation are authorized to be filed under seal, and the party seeking to file such document must file the document under seal and in accordance with Local Rule 141 (Fed. R. Civ. P. 39), unless the parties have stipulated in writing that the documents need not be filed under seal.

14. All documents marked as Confidential or Attorneys' Eyes Only for which the time has not passed under Paragraph 8 to object to such designation are authorized to be conditionally filed under seal, and the party seeking to file such document must file the document conditionally under seal and in accordance with Local Rule 141 (Fed. R. Civ. P. 39), unless the parties have stipulated in writing that the documents need not be filed under seal. If pursuant to the procedures set forth in paragraph 8, the Court deems the document should be undesignated as Confidential or Attorney's Eyes Only Material, the document may be filed publicly; if the Court deems the document should remain designated as Confidential or Attorneys' Eyes Only Material, the document shall be filed under seal and in accordance with Local Rule 141 (Fed. R. Civ. P. 39).

15. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court

unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

16. This Order is subject to modification by either party pursuant to stipulation and order and/or appropriate motion procedures.

IT IS SO STIPULATED.

Dated: February _11_, 2010      VILLARREAL HUTNER PC

By     /s/ _Tracy S. Todd_
TRACY S. TODD
Attorney for Defendant, FRITO-LAY, INC.

Dated: February _2_, 2010      McCLELLAND LAW OFFICES

By     /s/ _W. Rod McClelland, Jr._
W. ROD McCLELLAND, JR.
Attorney for Plaintiff DANNY RODRIGUEZ

**IT IS SO ORDERED.**

DATED: February 11, 2010      /s/ Gary S. Austin
THE HONORABLE GARY S. AUSTIN
UNITED STATES MAGISTRATE JUDGE

ATTACHMENT A

NONDISCLOSURE AGREEMENT

I, _____ do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in <u>*Danny Rodriguez v. Frito-Lay, Inc.*</u>, United State District Court for the Eastern District of California, Case No. 1:09-CV-01380-AWI-GSA, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____, 2010

By _____